This contract claim invokes the Contract Disputes Act of 1978, 41 U.S.C. §601 and ff. The parties agree that defendant, on January 18, 1980, made a payment of $233,000 to plaintiff, which settled the entire claim except for a question as to interest, which was reserved. Plaintiff originally demanded interest from the date it submitted the claim to the contracting officer, but now concedes that under Brookfield Construction Co. v. United States, 228 Ct. Cl. 551, 661 F.2d 159 (1981), interest is due beginning only on the effective date of the Act. The parties cross move for summary judgment and there is no issue of relevant fact. Defendant now concedes that interest in the amount of $21,133.73 had accrued and should have been paid with the principal amount on January 18, 1980, and that this amount of interest is now still due and owing. Plaintiff, in its cross-motion, says this is the correct figure up to January 18, 1980, but claims an additional amount of $5,214.09 accrued on the underpayment up to December 31, 1981, plus additional amounts for 1982 until actual payment. Defendant admits that amount is correctly calculated, but says addition of it to the amount it concedes would be interest on interest, or compound interest, which it says is not consented to in the Contract Disputes Act and is not allowable.
We congratulate the parties in presenting this issue in a clear-cut and readily understandable form. We have no difficulty concluding that defendant is correct. Brookfield, supra, so holds, and explains the reasons clearly in its footnote 27. Briefly, a statutory consent to award of interest is construed to mean simple interest and not interest on interest, or compound interest. Thus, defendant’s proposal fully satisfies its interest liability. The leading case on this, before Brookfield, is United States v. Mescalero Apache *847 Tribe, 207 Ct. Cl. 369, 518 F.2d 1309 (1975), cert. denied, 425 U.S. 911 (1976), wherein the entire matter receives exhaustive and scholarly consideration. Plaintiff would require us to ignore history. Its claim for interest on an underpayment consisting entirely of unpaid interest cannot be sustained.
Accordingly, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and judgment will be entered for plaintiff for $21,133.73.